J-S23026-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GARY THOMPSON, | : | |
| | : | |
| Appellee | : | No. 1426 EDA 2014 |

Appeal from the Order Entered April 7, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0012336-2011

BEFORE:    DONOHUE, SHOGAN, and STRASSBURGER, JJ.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED JUNE 19, 2015**

I agree with the analysis and conclusion set forth in the Majority memorandum.  I write separately with respect to the judicial estoppel argument.  Even if language with respect to Pa.R.Crim.P. 582 in the Commonwealth's motion to consolidate was intentional, Appellee's judicial estoppel argument is without merit.  The Commonwealth is permitted, under Rule 582, to move for joinder for two separate reasons.  One such reason is that the cases comprise one criminal episode. Pa.R.Crim.P. 582(a)(2).  The Rule also provides that joinder is permissible where "the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion[.]" *Id*. at (a)(1).  Accordingly, the Commonwealth could have moved for a joint

---

*Retired Senior Judge assigned to the Superior Court.

trial on either basis; therefore, a position that the two cases did not involve one criminal episode does not implicate judicial estoppel.